**DELAWARE RIVER PORT AUTHORI-TY et al., Petitioners,**

v.

**FEDERAL MARITIME COMMISSION, Respondent,**

**Transamerican Trailer Transport, Inc., Intervenor.**

**No. 75–1341.**

United States Court of Appeals, District of Columbia Circuit.

Submitted without argument January 13, 1976.

Judgment Jan. 29, 1976.*

Opinion March 11, 1976.

Abraham E. Freedman, New York City, Martin J. Vigderman, Philadelphia, Pa., and Gordon P. MacDougall, Washington, D. C., were on the brief for petitioners.

Carl D. Lawson and Robert J. Wiggers, Attys., Dept. of Justice, Edward G. Gruis, Deputy Gen. Counsel and Douglas N. Jones, Atty., Federal Maritime Commission, Washington, D. C., were on the brief for respondent.

Amy Loeserman Klein, Olga Boikess and Mario F. Escudero, Washington, D. C., were on the brief for intervenor.

Before McGOWAN and WILKEY, Circuit Judges and BRYAN,** United States District Judge for the Eastern District of Virginia.

PER CURIAM:

The order of the Federal Maritime Commission on review herein is affirmed for the reasons set forth in the following opinion.

This appeal, if indeed it is not moot, *see* Note 1 of the Maritime Commission's brief, certainly borders upon the frivolous. The central issue is one of law: May an ocean carrier between Puerto Rico and the Ports of Baltimore and New York, respectively, solicit traffic from shippers located in the area of the Port of Philadelphia without violating Sections 16 and 17 of the Shipping Act, at least so long as the carrier does not itself absorb the costs of moving the freight between Philadelphia and New York or Baltimore?

Sections 16 and 17 are the familiar regulatory provisions, taken from the Interstate Commerce Act, making it unlawful for any common carrier to charge discriminatory rates or to give unreasonable preferences or

* See 3 Cir., 527 F.2d 1386.

** Sitting by designation pursuant to 28 U.S.C. § 292(d).

advantages to any person, locality, or description of traffic. Petitioners are public and private organizations interested in seeing that the Port of Philadelphia gets the maximum amount of business. The carrier in question, Transamerican, operates container ships. The complaint about it made to the FMC was referred to an Administrative Law Judge who concluded that no evidentiary hearing was necessary because the complainants had alleged, and intended to prove, no more than that Transamerican's traffic solicitation had reduced appreciably the amount of traffic handled through the Port of Philadelphia. Transamerican did not dispute that this was so. In this state of affairs, the ALJ thought that only a question of law was presented for resolution, and he decided it adversely to complainants, noting in particular that there was no claim that Transamerican had absorbed or equalized the costs between the Philadelphia area and New York or Baltimore.

The FMC adopted the ALJ's ruling. Even so, it held its ruling open for fifteen days in order to give complainants a chance to amend their complaint or even to submit affidavits that Transamerican was doing something more than merely urging upon Philadelphia shippers the advantages of New York and Baltimore. Nothing was forthcoming in response to their invitation.

In this court on review of the FMC's disallowance of the complaint, petitioners insist that a statutory violation is made out by evidence that Transamerican's solicitation efforts are causing a significant diversion of traffic, that nothing more than that need be shown, and that they should at the least have been afforded an evidentiary hearing at which they could make that proof. But of course it is undisputed on this record that there was such diversion, and only the legal question remains: Assuming that the diversion was caused by Transamerican's solicitation, did it violate the statutory provisions in question when that solicitation was unaccompanied by any discriminatory rebate or absorption?

The position pressed upon us by petitioners is unprecedented, and amounts to a contention that common carriers cannot engage in lawful competition. The FMC was clearly right in rejecting it. No transportation regulatory agency has ever held that traffic solicitation of the kind involved here constitutes discrimination or the giving of an undue preference or advantage.[1] In this connection it is of interest to note that petitioners' campaign against Transamerican was accompanied by an effort in the District Court in Philadelphia to enjoin the solicitation while the complaint was pending before the FMC. The District Court granted an injunction, but the Third Circuit promptly reversed, holding that petitioners' chance of prevailing on the merits was so slight that the lower court had abused its discretion. *Delaware River Port Authority v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917 (1974).

---

1. Petitioners also rely upon 46 U.S.C. § 867 which directs the Secretary of Commerce, in cooperation with the Secretary of the Army, to promote and encourage the development of ports for water commerce. In aid of that objective, the Secretary is to investigate "territorial regions and zones tributary to such ports, taking into consideration the economics of transportation by rail, water, and highway and the natural direction of the flow of commerce . . . ." This statute does not proscribe any particular conduct and provides, at most, a backdrop for the interpretation of the Shipping Act's proscriptions. It has never been thought to extend the reach of Sections 16 and 17 of the latter statute to solicitation of the kind involved here. To do so would require a far more explicit statement by Congress of an anticompetitive purpose than it has yet made.